SARAH W. HOWARD *vs.* EBENEZER BRYANT.

A legacy to a woman before marriage is reduced to possession by her husband by receiving a quitclaim deed from the testator's residuary devisee, upon condition that he should pay all legacies which such devisee was bound to pay, of which this was one.

ACTION OF CONTRACT to recover a legacy given to the plaintiff, when sole, by her father's will, in these terms : " I give to my daughter Sarah W. Bryant one hundred and fifty dollars, seventy five dollars to be paid to her by my son Ebenezer Bryant when he arrives to the age of twenty two years, and seventy five dollars more at the decease of my said wife."

The defendant was named in the will as principal devisee and residuary legatee, subject to a life estate in the testator's widow, who died before this suit was brought. The plaintiff married

John Howard in 1808. The defendant arrived at the age of twenty two in 1809, and in 1813 conveyed all the estate so devised and bequeathed to him to John Howard, by quitclaim deed in the usual form, and containing, after the description of the premises, these words : " And it is considered that the said John Howard is to pay all the legacies which I am bound to pay by my father's will." Howard died intestate in 1824, and the plaintiff was appointed administratrix of his estate, and demanded payment of the legacy before bringing this action. The parties submitted the above case to the judgment of the court.

*A. V. Lynde*, for the plaintiff, cited *Legg* v. *Legg*, 8 Mass. 99 ; *Hayward* v. *Hayward*, 20 Pick. 526, 530 ; *Daniels* v. *Richardson*, 22 Pick. 570 ; 1 Dane Ab. 342–344 ; *Brotherow* v. *Hood*, Com. R. 725 ; 1 Bright on Husb. & Wife, 37.

*J. P. Converse*, for the defendant, cited *Commonwealth* v. *Manly*, 12 Pick. 173 ; *Tuttle* v. *Fowler*, 22 Conn. 58 ; *Bates* v. *Dandy*, 2 Atk. 207 ; *Reese* v. *Keith*, 11 Sim. 388 ; *Doswell* v. *Earle*, 12 Ves. 473 ; *Bosvil* v. *Brander*, 1 P. W. 458 ; Clancy on Husb. & Wife, (Amer. ed.) 138, 139.

METCALF, J. The legacy given to the plaintiff by her father did not, on her marriage, vest absolutely in her husband. It was a chose in action which survived to her on his death, unless he had reduced it to possession, or released it, or had made a valid assignment of it, or had, in some other way, legally barred her right to it. And any lawful exercise of an act of ownership, by a husband, over his wife's chose in action, by which he appropriates it to his sole use, is such a reduction of it to possession as bars her right of survivorship. In this case, the legal effect of the facts is, that the plaintiff's husband received the amount of her legacy, by applying it towards payment for the land which he purchased of her father's residuary devisee, and in which she became entitled to dower.

*Plaintiff nonsuit*